930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lori M. STACY, Plaintiff-Appellee,
v.
Frank G. TOOMER, d/b/a Hilton Head Seafood Company,
Defendant-Appellant.
Lori M. STACY, Plaintiff-Appellant,
v.
Frank G. TOOMER, d/b/a Hilton Head Seafood Company,
Defendant-Appellee.
 Nos. 89-3366, 89-3374.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1990.
Decided April 11, 1991.
 
 Appeals from the United States District Court for the District of South Carolina, at Beaufort. Joe F. Anderson, Jr., District Judge. (CA-88-1002-D-17J)
 Darrell Thomas Johnson, Jr., Hardeeville, S.C., for appellant.
 James Hoogenson Moss, Beaufort, S.C., for appellee.
 Frederick S. Bergen, Savannah, Ga., Attorneys & Counselors at Law of Georgia, PC, for appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN and DONALD RUSSELL, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Lori Stacy brought this action against Frank G. Toomer, doing business as Hilton Head Seafood Company, alleging state claims for intentional infliction of emotional distress and assault and battery, and sexual harassment under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Secs. 2000e et seq.) The jury returned a verdict in favor of Stacy on her state law claims in the amount of $76,000 ($26,000 actual damages and $50,000 punitive damages). After the verdict, the court heard additional testimony on the plaintiff's Title VII claim, and then dismissed the claim for lack of subject matter jurisdiction, finding that the seafood company had fewer than the statutory minimum of fifteen employees necessary for a Title VII claim.
 
 
 2
 Defendant Toomer appeals the jury's verdict on the state claims; plaintiff Stacy appeals the dismissal of the Title VII claim.
 
 I.
 
 3
 In October 1986 defendant Frank Toomer, accompanied by his daughter and grandchild, went to Savannah, Georgia to inquire about a satellite dish, and there met the plaintiff. Someone initiated a discussion of the possibility of Stacy working for Toomer's seafood company. Stacy shortly thereafter went to work for the seafood company as a bookkeeper and did general office work. Because Toomer is illiterate, Stacy was required to accompany Toomer on business trips to be of general assistance. She was paid as an independent contractor--i.e., without tax or social security deducted--the sum of $500 per week, $300 by check (usually labeled as "fish") and $200 in cash.
 
 
 4
 In late October 1986, Stacy went with Toomer on one of his boats docked at his place of business. While there she slipped, was grabbed, and allegedly hugged by Toomer who said, "you feel like a million dollars."
 
 
 5
 In November 1986 Stacy traveled to Florida with Toomer to purchase a shrimp boat and was required to stay in defendant's hotel room. After showering, Toomer exited the bathroom wearing only his shorts and allegedly hugged Stacy and told her "you feel like a million dollars." Stacy then informed Toomer that she would not sleep in the same room with him and wanted a separate room; Toomer thereupon told Stacy that if she would not sleep in the room with him, she was fired. She then moved to another room. The next day declaring the trip "ruined," Toomer decided to return home without completing his business. Having no other way to return home, Stacy rode with Toomer; on the way he offered her employment cleaning fish for $5 per hour. She worked at this new position for a few days but found the work and lower pay intolerable and soon left.
 
 II.
 
 6
 Defendant claims that the district judge admitted evidence that so prejudiced the jury against him that he could not receive a fair trial. To overturn a judgment based upon evidentiary errors, we must find that a substantial injustice resulted. Fed.R.Civ.P. 61. Thus the question is whether the district court committed error, and if so, did such error result in a "substantial injustice."
 
 
 7
 Evidence That the Defendant Sexually Harassed Another Employee Who Was Also His Daughter
 
 
 8
 An extensive voir dire examination was performed on this issue. At a bench conference before the testimony was introduced the court greatly limited the extent of this line of inquiry. Although Federal Rule of Evidence 404 generally forbids character evidence, Rule 404(b) permits such evidence if it is admitted to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Thus, the trial judge limited this line of questioning to occasions on which Toomer's daughter was on business trips with her employer/father. In his brief, defendant refers to an arguably improper question by the plaintiff's attorney in which the attorney asked the daughter if she had left her father's employ because of a sexual impropriety. The question was never answered, and there followed a bench conference in which the judge instructed counsel how to limit the questions. The daughter's prior deposition testimony was admitted to a very limited extent for impeachment purposes. This evidence was not introduced to show bad character, but to show "intent" and "plan." If this was Toomer's typical practice with his own children when they were employees, it could show his "plan" with respect to the plaintiff. Considering the record as a whole, this evidence caused no substantial injustice.
 
 Criminal Assault
 
 9
 A hug, a comment, and a questionable employment request do not necessarily result in an assault and infliction of emotional distress. Stacy's claims required her to put these actions into context. Her testimony that she was afraid of Toomer, that he had a violent temper and carried a gun, expressed her views of the defendant and was admissible to support the actions that constituted the tort.
 
 
 10
 In seeking to rebut the plaintiff's testimony, the defendant introduced character testimony through his own witness, Jacob Driessen, who testified that he was not aware of any violent behavior on the part of Toomer. J.A. 508-09. Thus, the defendant opened the door on the violence issue. The plaintiff was then entitled to question Toomer about his convictions for criminal assault to rebut his evidence of being non-violent.
 
 Toomer's Tax Records
 
 11
 Although the defendant failed to object to the introduction of tax records, the evidence was generally limited to matters that were at issue. The defendant claimed that he did not pay Stacy the $500 per week that she claimed, but only paid her $300 per week. Since the amounts paid to the plaintiff were important in setting damages, this evidence was not improperly prejudicial.
 
 Substantial Justice
 
 12
 Federal Rule of Civil Procedure 61 clearly states that the court "must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties." Thus, reversal is improper unless a substantial injustice has resulted. After reviewing the undisputed evidence, we conclude that the trial court's rulings on the admissibility of evidence were not inconsistent with substantial justice.
 
 III.
 Title VII
 
 13
 A jurisdictional prerequisite to the maintenance of a Title VII action is that the plaintiff must establish that the defendant employer is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. Sec. 2000e(b).
 
 
 14
 Based upon a review of all the evidence, we affirm the district court's holding that the jurisdictional prerequisites of Title VII have not been met.
 
 
 15
 AFFIRMED.